IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL RAFFERTY** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **MAYOR'S OFFICE OF HOMELESS SERVICES** | * | |
| | * | |
| Defendant. | * | Civil Action No. 1:20-cv-03327-CCB |
| | * | |
| | ****** | |

## MEMORANDUM

Pending before the court is a motion to dismiss brought by the Mayor's Office of Homeless Services of the City of Baltimore. Despite being given appropriate notice, the plaintiff Michael Rafferty has failed to respond. For the reasons that follow, the court will grant the defendant's motion to dismiss.

## BACKGROUND

This litigation arises from the alleged discrimination and discriminatory firing by the Mayor's Office of Homeless Services of the City of Baltimore ("MOHS") of one of its former employees, Michael Rafferty ("Mr. Rafferty"). Mr. Rafferty, who claims to suffer from an anxiety disorder, alleges that, between December 17, 2018 and January 8, 2019, the MOHS wrongfully terminated his employment, failed to accommodate his disability, and retaliated against him. (ECF 1, Compl., at 5) Specifically, Mr. Rafferty alleges that Jerrianne Anthony ("Ms. Anthony"), Director of the Mayor's Office, wrongfully denied him leave under the Family and Medical Leave Act ("FMLA"). (*Id.* at 6). Mr. Rafferty asserts that Human Resources approved him for leave under FMLA for his disability beginning December 17, 2018, but Ms.

Anthony then directed the Director of Human Resources, Terry Hickey, to fire him on January 8, 2019, in retaliation for reasons not related to his job description. (*Id.* at 6, 7). Mr. Rafferty asserts that the Equal Employment Opportunity Commission (EEOC) issued him a Notice of Right to Sue letter on August 11, 2020. (*Id.* at 7, ECF 1-2, Right to Sue Letter).

Mr. Rafferty initiated this action on November 17, 2020, alleging violations of the Americans with Disabilities Amendment Act ("ADAA"), 42 U.S.C. §§ 12112-17, and the Family and Medical Leave Act, 29 U.S.C. § 2615. (ECF No. 1 at 4). On September 21, 2021, the MOHS filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Rafferty did not respond to the defendant's motion, which is now ready for resolution.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan*

*v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart,* 680 F.3d 359, 365 (4th Cir. 2012)).

## II.     The ADAA Claim Is Untimely

As in many employment discrimination suits, plaintiffs who bring claims under the ADAA must first receive a notice of the right to sue from the EEOC. 29 C.F.R. § 1601.28. EEOC regulations direct that such notice shall include "authorization to the aggrieved person to bring a civil action within 90 days from receipt of such authorization." *Id.* § 1601.28(e)(1). In federal court, if the date of receipt of the right to sue letter is disputed or unknown, it is presumed to have been received three days after mailing. Fed. R. Civ. P. 6(d); *see Ish v. Arlington County*, 918 F.2d 955, 956 (4th Cir. 1990).

The EEOC issued Mr. Rafferty a Dismissal and Notice of Rights letter on August 11, 2020. (ECF 1-2). As evidence of a date of receipt is lacking,[1] it is presumed that Mr. Rafferty received the notice three days later, on August 14, 2020. *See* Fed. R. Civ. P. 6(d). Mr. Rafferty did not file his present suit until November 17, 2020, ninety-five days after the presumed receipt of the notice and five days after the regulatory ninety-day deadline. 29 C.F.R. §1601.28(e)(1). Thus, Mr. Rafferty's ADAA claim must be dismissed.

## III.    Mr. Rafferty Cannot Sue MOHS

The Baltimore City Charter creates the municipal corporation known as the Mayor and City Council of Baltimore, which "may sue or be sued." BALT. CITY, MD CHARTER Art. 1, § 1 (2019 ed.). The Charter does not, however, grant the MOHS nor other city agencies and

---

[1] The Notice contains an ink notation that appears to read "Rec'd 8/18/2020 MR," that may suggest a receipt date of August 18, 2020. Mr. Rafferty has offered no evidence, however, as to the significance of this notation. Thus, the presumption it was received three days after mailing will govern.

departments such capacity to sue or be sued. It is well established that individual local government departments such as MOHS cannot be sued when the City Charter provides only actions against the larger governmental entity. *See Jenkins v. Baltimore City Fire Dep't*, 862 F. Supp. 2d 427, 441 (D. Md. 2012), aff'd, 519 F. App'x 192 (4th Cir. 2013) (holding the Baltimore City Fire Department cannot be sued under Art. I of the City Charter); *James v. Frederick County Pub. Sch.*, 441 F.Supp.2d 755, 758 (D. Md. 2006) (finding that the Frederick County Fire Department and public schools cannot be sued under an analogous municipal charter); *cf. Adams v. Calvert County Pub. Schs.*, 201 F.Supp.2d 516, 520 n. 3 (D. Md. 2002) (holding a school district is not a separate entity that can be sued).

Because MOHS is not a legally distinct entity from the Mayor and City Council of Baltimore and is incapable of being sued, Mr. Rafferty's remaining FMLA claim against the Office also must be dismissed.

## CONCLUSION

For the reasons stated above, the court will Grant the Mayor's Office of Homeless Services's Motion to Dismiss.

A separate Order follows.

 

 11/29/21                                                     /S/
Date                                                       Catherine C. Blake
                                                           United States District Judge